UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| TONY SANFORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:10-CV-2433 TIA |
| | ) | |
| REGGIE MOORE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff (registration no. 15497), an inmate at St. Louis City Justice Center, for leave to commence this action without payment of the required filing fee [Doc. #2]. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $3.20. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to

the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $16.00, and an average monthly balance of $13.27. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $3.20, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Id. at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. Id. at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and

common sense." Id. at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." Id. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. Id. at 1950, 51-52.

**The Complaint**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. Named as defendants are correction officials, Reggie Moore, Jerome Fields, Eugene Stubblefield, and Unknown Byrd. Also named as a defendant is plaintiff's public defender, Candice Parker.

In his action for monetary and injunctive relief, plaintiff asserts that he has been denied access to the law library to research a possible assault case and to "assist" his public defender in his ongoing criminal case. Plaintiff asserts that he has filed grievances with each of the defendant correctional officials, but he has been told that the grievance system is "backed up," and he still has not been given proper access to the law library. Plaintiff asserts that defendant Parker has told him he is not "ready for trial," and not assisted him with a pro-se motion for speedy trial and discovery, "in violation of [his] rights causing [him] to be incarcerated for over six months."

**Discussion**

Plaintiff's allegation that he was not allowed to go to the law library - standing alone - does not state an access to the courts claim because plaintiff has not alleged that he suffered actual prejudice to a non-frivolous legal claim. Lewis v. Casey, 518 U.S. 343, 349-55 (1996) (right of access to courts requires showing that inmate had nonfrivolous legal claim actually impeded or

frustrated). Plaintiff states in his complaint that his public defender has been in contact with him about his criminal case and is pursuing his criminal defense, albeit not in the exact manner he wishes. Moreover, plaintiff admits that his claim for assault, which occurred more than five years ago, has already been before this Court and been dismissed as untimely.

Plaintiff's assertions regarding the grievance process are also subject to dismissal. Inmates do not have a constitutionally protected right to the prison grievance process. See Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991); see also Burnside v. Moser,138 F. App'x 414 (3rd Cir. 2005). Further, "a state grievance procedure does not confer any substantive constitutional right upon prison inmates." Hoover v. Watson, 886 F. Supp. 410, 418 (D. Del. 1995), aff'd 74 F.3d 1226 (3rd Cir. 1995). As such, plaintiff's assertions that his grievances have not yet resulted in the desired effect fails to state a claim upon which relief may be granted.

Lastly, plaintiff's claims against his public defender, defendant Parker, fail to state a claim upon which relief can be granted because "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk County v. Dodson, 454 U.S. 312, 325 (1981). As a result, this action shall be dismissed without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**. [Doc. 2]

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $3.20 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to

"Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An Order of Dismissal will accompany this Memorandum and Order.

                                **CHARLES A. SHAW**
                                **UNITED STATES DISTRICT JUDGE**

Dated this  3rd  day of February, 2011.